OPINION OF THE COURT
Raymond E. Cornelius, J.
The court hereby rules that a consumer, who returns an automobile to an authorized dealership, will be deemed to have complied with General Business Law § 198-a (c) (1), which requires a manufacturer to accept the return of a new *1089 motor vehicle, after one of its agents or authorized dealers is unable to make the necessary repairs or correct defects.
The complaint, in this action, alleges that the plaintiff purchased a new 1984 Jeep automobile from Scutti Pontiac, Inc. on February 17, 1984, and that the vehicle was thereafter delivered on June 11 of that same year. The plaintiff further maintained that the vehicle failed to conform to certain express warranties, within the first 18,000 miles of operation, and that the defendant, through its agents, unsuccessfully attempted on four or more occasions to correct the defects and conditions in order to conform to the warranties.
The defendant has now made a motion, pursuant to CPLR 3211, which requests dismissal of the complaint insofar as it relies upon General Business Law § 198-a. On this application, the defendant does not dispute that a reasonable number of attempts had been unsuccessfully undertaken to conform the vehicle to applicable express warranties. However, defendant does contend that the plaintiff failed to follow the appropriate procedures for return of the vehicle, and, therefore, the cause of action, pursuant to General Business Law § 198-a, should be dismissed.
More specifically, the defendant contends that notwithstanding the fact that the required repairs may be made by agents or authorized dealers, the law requires that the vehicle be returned to the manufacturer, itself, after those repairs prove unsuccessful for the requisite number of times. In this case, the documentary evidence indicates that on or about October 18, 1985, the plaintiff delivered the vehicle and transferred the certificate of title to Patrick Pontiac, Inc., a successor corporation to Scutti Pontiac, Inc., and also an authorized dealership of the defendant. General Business Law § 198-a (c) (1), insofar as relevant, provides as follows: "If, within the period specified in subdivision (b) of this section, manufacturer or its agents or authorized dealers are unable to repair or correct any defect or condition which substantially impairs the value of the motor vehicle to the consumer after a reasonable number of attempts, the manufacturer, at the option of the consumer, shall replace the motor vehicle with a comparable motor vehicle, or accept return of the vehicle from the consumer and refund to the consumer the full purchase price or, if applicable, the lease price and any trade-in allowance plus fees and charges” (emphasis added). Furthermore, the defendant has submitted documentary evidence, which establishes that although Scutti Pontiac, Inc. and Patrick Pontiac, *1090 Inc. may have been authorized dealerships, neither corporation were agents.
First, the court disagrees with the defendant’s interpretation of that part of the statute quoted above. The language does not require the consumer to deliver the vehicle to a manufacturer, but requires a manufacturer to "accept return of the vehicle from the consumer”, and this difference is not insignificant. Indeed, the terminology throughout General Business Law § 198-a, which is sometimes referred to as the new car "Lemon Law”, generally places affirmative duties upon the manufacturer, rather than the consumer. The purpose of the law was to afford protection to consumers, and, according to the executive memorandum, which accompanied approval, "to assure that effective remedies exist”. (1983 McKinney’s Session Laws of NY, at 2772.)
In the court’s opinion, it would not serve the purpose of the law to require a consumer to seek out and physically deliver a vehicle to a manufacturer. As a practical matter, consumers generally purchase new motor vehicles from authorized dealerships, which, in turn, have received the vehicles from the manufacturer. Thus, it would seem that the most effective means of accomplishing a return would be the procedure followed by the plaintiff in this case. It is also noteworthy that although the statute provides for certain affirmative defenses, they relate to substantive issues, rather than procedural or technical aspects of this law.
For the above reasons, the motion to dismiss should be denied.